IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Noble Saquan Tarkee El Bey, ) | C/A No.: 3:20-2077-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Tyler Bryant Brown, Solicitor for ) | |
| Sumter County; James C. ) | ORDER AND NOTICE |
| Campbell, Clerk of Court; Pam ) | |
| Haynesworth, Chief Deputy Clerk ) | |
| of Court; Robert D. Beckford, Jr., ) | |
| Detective for Sumter County; and ) | |
| Ricky L. Morse, Detective for ) | |
| Sumter County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Noble Saquan Tarkee El Bey ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint seeking compensatory damages pursuant to 42 U.S.C. § 1983 against Tyler Bryant Brown, Solicitor for Sumter County; James C. Campbell, Clerk of Court; Pam Haynesworth, Chief Deputy Clerk of Court; Robert D. Beckford, Jr., Detective for Sumter County; and Ricky L. Morse, Detective for Sumter County (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual and Procedural Background

Plaintiff alleges Brown refused to adopt the motions he submitted. [ECF No. 1 at 6]. He alleges Campbell and Haynesworth refused to file motions he submitted pro se, and argues they knew he was representing himself, as there was no contract with the public defender. *Id.* at 6, 11 He alleges Beckford and Morse led an investigation resulting in his arrest in Sumter County.[1] *Id.* at 10–11. He requests monetary damages. *Id.* at 12.

II.     Discussion

    A.      Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

---

[1] Although Plaintiff does not elaborate on the criminal charges, he notes that another police officer, while conducting a search of a backyard after consent from the homeowner, found two mopeds. *Id.* at 10.

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Prosecutorial Immunity for Brown

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, including criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of

3

absolute immunity"); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions intimately associated with the judicial phase of the criminal process.") (internal quotation omitted).

Plaintiff alleges Brown failed to "adopt" the motions he submitted to be heard by the court. [ECF No. 1 at 6]. Because Plaintiff claims Brown's actions were connected with criminal judicial proceedings, Brown is entitled to absolute immunity for his actions and should be dismissed.

2. Quasi-Judicial Immunity for Campbell and Haynesworth

It is well-settled that judges and court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); see also *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"); *Abebe v. Seymour*, C/A No. 3:12-377-JFA-KDW, 2012 WL 1130667, *2–3 (D.S.C. Apr. 4, 2012) (finding Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996) amended § 1983 to bar injunctive relief against a judicial

4

officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."). Plaintiff's claims against Campbell and Haynesworth arise from their alleged refusal to file Plaintiff's pro se motions. [ECF No. 1 at 6]. Because these allegations concern actions taken in their capacity as judicial officers, Campbell and Haynesworth are protected by quasi-judicial immunity and should be summarily dismissed from this action.

### 3. Insufficient Allegations Against Beckford and Morse

Plaintiff's claims against Beckford and Morse are subject to dismissal for failure to provide sufficient factual allegations. Plaintiff indicates he was arrested on November 14, 2019, without sufficient evidence to detain him. [ECF No. 1 at 6]. Plaintiff does not provide the charges for which he was arrested or any factual allegations showing his arrest was unlawful.

Liberally construed, Plaintiff's allegations constitute a claim of false arrest. Although *Wallace v. Kato*, 549 U.S. 384 (2007) (finding *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar false arrest claims by pretrial detainees), would apply to this case, Plaintiff's claims fail because he has been indicted in Florence County for first degree burglary.[2]

---

[2] See Sumter Cnty, Clerk of Court, Public Index, https://publicindex.sccourts.org/Sumter/PublicIndex/CaseDetails.aspx?County=43&CourtAgency=43001&Casenum=2019A4320100842&CaseType=C&HKey=11650721088910267111115841181011019790779770709770874754 70491

5

A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile*, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause, *aff'd*, 225 F.3d 648 (3d Cir. 2000) ); *Odom v. Roberts*, C/A No. 6:12-2452-TMC-JDA, 2012 WL 4061679, at *2 (D.S.C. August 27, 2012), *report and recommendation adopted,* No. CA 6:12-2452-TMC, 2012 WL 4059916 (D.S.C. Sept. 14, 2012).

In addition, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 158-62 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Further, federal district courts should abstain from considering constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc.*, 887 F.2d at 52. Here, Plaintiff can properly present his constitutional claims in his state criminal proceeding.

---

205674856683819810186896849685777752 (last visited June 8, 2020) (showing Indictment Number 2020GS4300167 after an arrest on November 14, 2020).

6

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 29, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

June 8, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge