IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Noble Saquan Tarkee El Bey,                                           )<br>                                                                                    )<br>                          Plaintiff,            )<br>                                                                                    )<br>           v.                                            )<br>                                                                                    )<br>Tyler Bryant Brown, Solicitor for                        )<br>Sumter County; James C.                                   )<br>Campbell, Clerk of Court; Pam                           )<br>Haynesworth, Chief Deputy Clerk                      )<br>of Court; Robert D. Beckford, Jr.,                        )<br>Detective for Sumter County; and                        )<br>Ricky L. Morse, Detective for                               )<br>Sumter County,                                                    )<br>                                                                                    )<br>                          Defendants.      )<br>_____)  | Civil Action No.: 3:20-cv-02077-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Noble Saquan Tarkee El Bey, proceeding *pro se* and in *forma pauperis*, filed this action seeking damages pursuant to 42 U.S.C. § 1983 against Defendants Tyler Bryant Brown, Solicitor for Sumter County; James C. Campbell, Clerk of Court; Pam Haynesworth, Chief Deputy Clerk of Court; Robert D. Beckford, Jr., Detective for Sumter County; and Ricky L. Morse, Detective for Sumter County (collectively, "Defendants"). (ECF No. 1.)

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on June 29, 2020, recommending this case be dismissed with prejudice. (ECF No. 14 at 7.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 14) and **DISMISSES** the case with prejudice.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On November 15, 2019, arrest warrants were issued for Plaintiff for possessing, concealing, selling, or disposing of stolen vehicle of value more than $2,000.00 but less than

1

$10,000.00, and for receiving stolen goods of value more than $2,000.00 but less than $10,000.00. (ECF No. 1 at 9.) Plaintiff filed his initial Complaint on June 2, 2020, and later filed his Amended Complaint on June 26, 2020. (ECF Nos. 1, 9.)

Plaintiff alleges in the Amended Complaint that Defendant Brown did not give him proper notice of the grand jury's decision on his case before bringing him in front of the Court of General Sessions. (*Id.* at 9–10.) Plaintiff further alleges that Defendant Brown failed to enter a court order delaying action on warrants, and failed to acknowledge his multiple motions addressing the issue, including a motion to dismiss filed on February 21, 2020, a motion to reduce bond filed on March 18, 2020, and a motion for proper relief filed on April 14, 2020. (*Id.* at 10.) Plaintiff alleges that Defendants Campbell and Haynesworth also refused to timely file the above-mentioned motions he submitted *pro se*. (*Id.* at 11.)

Plaintiff further claims that during an investigation assigned to Defendants Beckford and Morse, an unreasonable search was conducted at 16 Cecil Street, Plaintiff's mother's residence. (*Id.* at 12.) Plaintiff asserts that the search proceeded without the homeowner's consent, or a proper search warrant. (*Id.*) Plaintiff states that after telephone conversations with Defendants Beckford and Morse, he visited the police department to obtain the property allegedly illegally taken. (*Id.* at 12–14.) Defendant Beckford attempted to question him, but when Plaintiff asserted his right to remain silent, Defendant Beckford arrested him. (*Id.* at 14–15.) Plaintiff also alleges that Defendant Beckford illegally obtained two arrest warrants for him for possessing, concealing, selling, or disposing of stolen vehicle of value more than $2,000.00 but less than $10,000.00, and for receiving stolen goods of value more than $2,000.00 but less than $10,000.00. (*Id.* at 14.)

In his Amended Complaint, Plaintiff seeks actual, punitive, and exemplary damages for the following injuries, including loss of liberty, emotional distress, mental anguish, and other grievous

injuries. (*Id.* at 16.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.  ANALYSIS

"A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In other words, absolute immunity is afforded prosecutors when acting 'within the advocate's role.'" *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)).

In this case, Plaintiff's claims against Defendant Brown are that he failed to give proper notice of the grand jury's decision regarding Plaintiff's case, and that he failed to acknowledge Plaintiff's multiple motions. As the Magistrate Judge points out in the Report, Defendant Brown's actions were connected with criminal judicial proceedings, therefore, he is entitled to absolute immunity for his actions, and the claims against him should be dismissed. (ECF No. 14 at 4.)

With regard to court personnel, the United States Court of Appeals for the Fourth Circuit has held that law clerks are "entitled to absolute judicial immunity 'when assisting the judge in carrying out the former's judicial functions.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir.1991)). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Id.* (citing *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C.Cir.1993)). District courts in South Carolina have also held against claims for damages pursuant to § 1983 under similar conditions. *See Henderson v. Fisher*, No. CV 6:18-1576-HMH-KFM, 2018 WL 3850772, at *2 (D.S.C. June 20, 2018) (case dismissed because "[i]t is well-settled that judges and court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions."); *Cash v. Horn*, No. CV 7:16-3654-MGL-PJG, 2017 WL 4174775, at *2 (D.S.C. Apr. 28, 2017) ("[m]oreover, court personnel, such as clerks of court, may also be immune from

4

damages suits pursuant to § 1983 for actions taken that have an integral relationship with the judicial process.").

Here, Plaintiff's claims against Defendants Campbell and Haynesworth arise from their alleged failure to timely file Plaintiff's *pro se* motions. (ECF No. 9 at 11.) Because these allegations concern actions taken in their capacity as judicial officers, Defendants Campbell and Haynesworth are protected by judicial immunity, and the actions against both should be summarily dismissed.

Finally, with regard to Plaintiff's allegations against Defendants Beckford and Morse for unreasonable search and false arrest with illegally obtained warrants, Plaintiff fails to state a claim upon which relief can be granted. Federal Rules of Civil Procedure require that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although *pro se* complaints are held to a less stringent standard, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim, but need to provide sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

In this case, the Plaintiff pleads nothing more than conclusory allegations. Plaintiff fails to introduce facts that support his unreasonable search and false arrest claims. On the contrary, as the Magistrate Judge's Report states, Plaintiff has been indicted in Sumter County for first degree burglary[1], which is affirmative evidence of probable cause sufficient to defeat claims for malicious

---

[1] *See Sumter Cnty, Clerk of Court, Public Index*, https://publicindex.sccourts.org/Sumter/PublicIndex/CaseDetails.aspx?County=43&CourtAgency=43001&Casenum=2019A4320100842&CaseType=C&HKey=11650721088910267111115841181011019790779770709770874754704912056748566838198101868968496857752 (last visited June 8, 2020) (showing Indictment Number 2020GS4300167 after an arrest on November 14, 2020).

prosecution and false arrest under § 1983. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (holding that "[a] grand jury indictment is affirmative evidence of probable cause.").

Additionally, "federal courts should abstain from the decision of constitutional challenges to state action … 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989). In the instant case, Plaintiff would have an opportunity to properly present his constitutional claims in state criminal proceedings.

Plaintiff filed Objections to the Report on July 15, 2020. (ECF No. 16.) In his Objections, Plaintiff re-asserts his claims listed in the Amended Complaint against all Defendants, including failing to address or process his multiple motions, and violating his constitutional rights in conducting search and arrest. (*Id.*) As the court has previously explained, claims against Defendants Brown, Campbell, and Haynesworth should be dismissed because the conduct Plaintiff complains about were taken during judicial proceedings, therefore, they are immune from civil actions. As to Defendants Beckford and Morse, Plaintiff fails to introduce sufficient facts to state a claim of unreasonable search and false arrest. Plaintiff does not provide additional support for his claims, therefore, the court will overrule his Objections. (ECF No. 16.)

## IV.     CONCLUSION

After a thorough review of the Report and the records in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), and **DISMISSES** Plaintiff's Amended Complaint (ECF No. 9). Because Plaintiff has already had an opportunity to cure the deficiencies in his claims through filing his Amended Complaint, the court will **DISMISS** this case with prejudice.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

July 17, 2020
Columbia, South Carolina